## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| JENAM TECH, LLC,<br><br>          Plaintiff<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>          Defendants. | Civil Action No.: 4:19-cv-00250<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Jenam Tech, LLC ("Jenam Tech" or "Plaintiff"), files this Complaint against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together "Samsung" or "Defendants") seeking damages and other relief for patent infringement, and alleges with knowledge to its own acts, and on information and belief as to other matters, as follows:

## PARTIES

1.      Plaintiff is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 211 West Tyler Street, Suite C, Longview, Texas, 75601.

2.      Defendant Samsung Electronics Co. Ltd. ("Samsung Electronics") is a corporation organized and existing under the laws of the Republic of Korea with a principal place of business at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-Do, Korea 443-742.

3.      Samsung Electronics America is a corporation organized and existing under the laws of New York with a place of business at 85 Challenger Road, Ridgefield Park, New Jersey,

07660, and with offices at 1301 East Lookout Drive, Richardson, Texas, 75082 and at 6625 Declaration Drive, Plano, Texas 75023.

4.      This Court has personal jurisdiction over Samsung Electronics at least because Samsung Electronics conducts business, including infringing acts described herein, in this District. For example, Samsung Electronics provides customer service through its website, http://www.samsung.com, in this District and throughout the state of Texas.

5.      Defendants conduct business in Texas, directly or through intermediaries and offer products or services, including those accused herein of infringement, to customers, and potential customers located in Texas, including in the Eastern District of Texas.

## JURISDICTION AND VENUE

6.      This action arises under the patent laws of the United States, 35 U.S.C. §101, et seq.  This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

7.      As to Samsung Electronics America, Inc., venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b). Samsung Electronics America, Inc. maintains an established place of business in the state of Texas and the Eastern District of Texas, specifically, including an office at 1301 East Lookout Drive, Richardson, Texas 75080, and an office at 6625 Declaration Drive, Plano, Texas 75023.

8.      As to Samsung Electronics, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c)(3), as venue is proper over a foreign corporation in "any judicial district."

9.      Samsung Electronics and Samsung Electronics America, Inc. have not disputed this District's personal jurisdiction over them in other recent patent infringement actions. *See, e.g.*, Answer at ¶ 10, *Richardson v. Samsung Electronics Co.*, No. 6-17-cv-428 (E.D. Tex. Oct. 20,

2017); Answer at ¶ 9, *Immersion Corp. v. Samsung Electronics America*, No. 16-cv-572 (E.D. Tex. Oct. 24, 2017).

10.     Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process or the Texas Long Arm Statute, because Defendants conduct substantial business in this forum, including: (i) making, using, selling, importing, and/or offering for sale smartphones and tablets (e.g., Samsung Galaxy S10, Galaxy Note, Galaxy Tab, etc.) as well as other computing devices (e.g., laptops, desktops, Chromebooks, etc.), each including a non-transitory computer readable medium (e.g., memory) and configured to run a web browser (e.g., Google Chrome, etc.) ("Accused Devices"); or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to citizens and residents in Texas and in this District.

## THE PATENTS-IN-SUIT

11.     On September 3, 2017, Robert Paul Morris filed United States Patent Application No. 15/694,802 ("the '802 Application"). The '802 Application was duly examined and issued as United States Patent No. 9,923,995 ("the '995 Patent") (entitled "Methods, Systems, and Computer Program Products for Sharing Information for Detecting an Idle TCP Connection"), on March 20, 2018.

12.     Jenam Tech is the owner of the '995 Patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendants' infringement of the '995 Patent.

13.     The '995 Patent is valid and enforceable. A true and correct copy of the '995 Patent is attached hereto as Exhibit A.

14.     On September 3, 2017, Robert Paul Morris filed United States Patent Application No. 15/694,803 ("the '803 Application"). The '803 Application was duly examined and issued as United States Patent No. 9,923,996 ("the '996 Patent") (entitled "Methods, Systems, and Computer Program Products for Sharing Information for Detecting an Idle TCP Connection"), on March 20, 2018.

15.     Jenam Tech is the owner of the '996 Patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendants' infringement of the '996 Patent.

16.     The '996 Patent is valid and enforceable. A true and correct copy of the '995 Patent is attached hereto as Exhibit B.

17.     The '995 and '996 Patents are collectively referred to herein as the "Patents" or the "Patents-in-Suit."

18.     Jenam Tech has not practiced any claimed invention of the Patents-in-Suit.

19.     Defendants infringe the Patents at least through making, using, selling, importing, and/or offering to sell the Accused Devices.

## COUNT I: INFRINGEMENT OF THE '995 PATENT

20.     Jenam Tech repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

21.     The '995 Patent includes 30 claims. '995 Patent, Ex. A at 23:4–28:16.

22.     Defendants directly infringe one or more claims of the '995 Patent without authority by making, using (including without limitation testing), selling, importing, and/or offering to sell products and systems, including by way of example, the Accused Devices. *See* Claim Chart for the '995 Patent, attached hereto as Exhibit C.

23.     Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, at least Claim 1 of the '995 Patent by making, using (including without limitation testing), selling, importing, and/or offering to sell the Accused Devices. *See* Claim Chart for the '995 Patent, attached hereto as Exhibit C. As demonstrated by the attached claim chart, each and every element of Claim 1 of the '995 Patent is found in the Accused Devices.

24.     Defendants have had actual knowledge of the '995 Patent at least as early as the date of service of this Complaint.

25.     Defendants' acts of infringement have occurred within this District and elsewhere throughout the United States.

## COUNT II: INFRINGEMENT OF THE '996 PATENT

26.     Jenam Tech repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

27.     The '996 Patent includes 30 claims. '996 Patent, Ex. B at 23:27–28:42.

28.     Defendants directly infringe one or more claims of the '996 Patent without authority by making, using (including without limitation testing), selling, importing, and/or offering to sell products and systems, including by way of example, the Accused Devices. *See* Claim Chart for the '996 Patent, attached hereto as Exhibit D.

29.     Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, at least Claim 1 of the '996 Patent by making, using (including without limitation testing), selling, importing, and/or offering to sell the Accused Devices. *See* Claim Chart for the '996 Patent, attached hereto as Exhibit D. As demonstrated by the attached claim chart, each and every element of Claim 1 of the '996 Patent is found in the Accused Devices.

30.     Defendants have had actual knowledge of the '996 Patent at least as early as the date of service of this Complaint.

31.     Defendants' acts of infringement have occurred within this District and elsewhere throughout the United States.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A.      Declaring that Defendants have infringed the Patents;

B.      Awarding damages in an amount to be proven at trial, but in no event less than a reasonable royalty for Defendants' infringement including pre-judgment and post-judgment interest at the maximum rate permitted by law;

C.      Ordering an award of reasonable attorneys' fees and enhanced damages as appropriate against Defendant to Jenam Tech as provided by 35 U.S.C. § 285;

D.      Awarding expenses, costs, and disbursements in this action against Defendants, including prejudgment interest; and

E.      All other relief necessary or appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.


Dated:  April 3, 2019                              Respectfully submitted,

                                          By:   /s/_____
                                               Jeffrey G. Toler
                                               Texas State Bar No. 24011201
                                               Benjamin Johnson
                                               Texas State Bar No. 24065495

**TOLER LAW GROUP, PC**
8500 Bluffstone Cove, Suite A201
Austin, Texas 78759
Tel. (512) 327-5515
Fax (512) 327-5575
bjohnson@tlgiplaw.com
**ATTORNEYS FOR PLAINTIFF**
**JENAM TECH, LLC**