**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JENAM TECH, LLC,<br><br>              Plaintiff,<br><br>    v.<br><br>LG ELECTRONICS, INC. and LG<br>ELECTRONICS U.S.A., INC.<br><br><br>              Defendants. | Case No. 4:19-cv-00249-ALM-KPJ |
| JENAM TECH, LLC,<br><br>              Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS AMERICA,<br>INC. and SAMSUNG ELECTRONICS CO.,<br>LTD.<br><br><br>              Defendants. | Case No. 4:19-cv-00250-ALM-KPJ |

**JOINT MOTION FOR ENTRY OF DISPUTED PROTECTIVE ORDER**

Plaintiff Jenam Tech LLC and Defendants Samsung Electronics Co., Ltd, Samsung

America, Inc., LG Electronics, Inc. and LG Electronics USA jointly file this motion respectfully

requesting that the Court enter the portions of the attached Protective Order that the parties have

agreed on, and that the Court rule on the remaining disputes in the attached Protective Order.

The parties have met and conferred, but they were unable to reach agreement on

provisions 11 and 12 of the Protective Order concerning prosecution and acquisition bars, and

related limitations on the use of Protected Material that is designated RESTRICTED --

ATTORNEYS' EYES -ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE

(collectively "HIGHLY SENSITIVE MATERIAL"). The parties have indicated the disputed provisions in the attached Protective Order in square brackets with the labels of **"Plaintiff's Proposal:"** and **"Defendants' Proposal:".** The parties' specific dispute and explanations of their positions are provided below.

1. **Dispute 1:** Whether to have an Acquisition Bar (as Defendants propose).

Plaintiff's Position

In this District, the model order does not include an acquisition bar, and such bars are rarely imposed.  Indeed, such bars are only appropriate where an unacceptable risk of inadvertent disclosure outweighs the harm caused by limiting a party's choice of counsel. Here, Defendants' one-sided bar would prevent counsel from advising *any* client about *any* entity's acquisition or sale of *any* patent or application relating to *any* aspect of the patents in suit's field of invention.  It even prohibits counsel from advising Plaintiff on settlement involving the acquisition of any asserted patent or acquiring patents from Defendants.  This sweeping restriction on the practice of law, and clients' ability to choose counsel, should not be adopted.

Defendants have provided no justification.  Nor can they now.  Being an NPE is insufficient.  *Karamelion LLC v. ADT LLC*, No. 18-cv-0030, slip op. (D.I. 36) at 6, (E.D. Tex. Jan. 24, 2019) (NPE status doesn't inherently support acquisition bar).  Likewise, Plaintiff's agreement to a prosecution bar does not support Defendants' demanded acquisition bar.  That would turn Plaintiff's efforts at compromise on its head and deter future compromise in this and other cases.

Defendants' Position

Acquisition Bars should be included in Protective Orders for the same reasons as Prosecution Bars. *See e.g., E-Contact Techs., LLC v. Apple, Inc.,* No. 1:11–CV–426 (LED/KFG), 2012 WL 11924448, at *1-2 (E.D. Tex. Jun. 19, 2012). Jenam Tech LLC is a non-practicing assertion entity controlled by Oso-IP and Kevin Zilka. Oso-IP and Mr. Zilka have a history of acquiring and asserting patents through non-practicing entities such as Jenam In fact, Defendants LG and Samsung are regular targets of Oso-IP. *See, e.g., Boccone, LLC v. Samsung Electronics Co., Ltd. et al.,* No. 4:19-cv-00243-ALM (E.D. Tex.); *Boccone, LLC v. LG Electronics, Inc. et al.,* No. 4:19-cv-00244-ALM (E.D. Tex.). This lawsuit and others will give Oso-IP, Mr. Zilka, its counsel, and its experts access to Defendants' highly confidential and sensitive information which is no doubt useful to future acquisition, licensing, and litigation decisions. Plaintiff's counsel, the Devlin Law Firm, has been named as patentee's counsel in over 1000 cases. Thus, the Acquisition Bar is necessary to prevent repeat players, Oso-IP, Mr. Zilka, and the Devlin Law Firm, from using confidential information to acquire more patents to assert against the accused products.

In meet and confers, Plaintiff never offered any principled basis for objecting to an Acquisition Bar. An attorney or expert cannot both view highly confidential information of a defendant and be involved in the acquisition or prosecution of patents in the same technological field. *ST Sales Tech Holdings, LLC v. Daimler Chrysler Co., LLC*, 2008 WL 5634214 (E.D. Tex., March 14, 2008) (the "business of acquiring patents and asserting them against allegedly infringing companies" is "competitive decision mak[ing]").

2.  **Dispute 2:** Whether the Prosecution Bar should apply to any individual of the Receiving

Party who (a) "accesses" designated material (as Plaintiff proposes) or (b) "has access to"

designated material (as Defendants propose).

Plaintiff's Position

Plaintiff's approach balances "the risk of inadvertent disclosure" against "the

potential harm . . . from restrictions imposed on [choice of counsel]." *In re Deutsche Bank*

*Trust*, 605 F.3d 1373, 3180 (Fed Cir. 2010).  Defendants' proposal, in contrast, subjects

anyone to the bar even if they merely received an email link to HIGHLY SENSITIVE

MATERIAL—even inadvertently—but never accessed, reviewed, or otherwise learned the

protected content (even where it comprised *financial* information).

Defendants had no substantive response when presented with Plaintiff's proposal.

Defendants did not identify any risk of inadvertent use, explain how it affected competitive

decision makers, or provide any other justification.  Nor can they.  The risk weighed is

*inadvertent* use. Without knowledge of the HIGHLY SENSITIVE MATERIAL, there is no

such risk. The risk is not intentional use, as Defendants' appear to presume.  Further, courts

(rightfully) do not assume bad faith, which would demean the parties, their counsel, and the

judicial system.  To assume otherwise would render any "Ethical Wall" meaningless,

including the one agreed upon by the parties here.  Assuming bad faith would mean that

anyone that learns of the material in any manner would be at risk of violating the bar,

rendering it useless.

Defendants' Position

Defendants' proposed language of "has access to" follows from this District's

sample Protective Order and is simple to enforce — once designated material is produced to the

Receiving Party's attorneys of record (such as through a file share link or email attachment), any

attorney of the Receiving Party who receives that production would be subject to the Prosecution

Bar. By contrast, under Plaintiff's proposal, the Prosecution Bar would only apply if the attorney

actually "accessed" (i.e., opened and reviewed) the designated material. This results in a fact-

intensive inquiry as to whether an attorney for the Receiving Party actually accessed and

reviewed designated material, and has the potential to invade the attorney-client privileged and

work product immunity to determine whether information was "accessed." Such an inquiry is

nearly impossible to resolve or enforce and would depend on the detailed record keeping,

recollection, and good-faith representations of the Receiving Party's attorneys. Allowing the

applicability of the Prosecution Bar to depend on such an impossible and uncertain fact-

intensive inquiry should not be permitted given the highly confidential nature of the information

that the Prosecution Bar seeks to protect.

3.  **Dispute 3:** Whether to define "prosecution" to allow participation in agency proceedings

    (e.g., *inter partes* review) where an individual: (a) has no role in preparing new or

    amended claims and may only argue in support of their validity after they are submitted

    (as Plaintiff proposes) or (b) is challenging the validity of a patent (as Defendants

    propose).

Plaintiff's Position

Defendants purport to seek a one-sided bar allowing counsel to participate only in

challenging a patent.  There is no reason for this self-serving exception.  Counsel subject to the

bar should be able to challenge or defend validity so long as they have no involvement in

preparing new claims and can only argue in support of those claims *after* they have been submitted in the proceeding.  That presents no risk of inadvertent use of confidential information to "control . . . scope of protection." *Deutsche Bank*, 605 F.3d at 1380.

Reflecting this practical approach, courts have allowed such participation.  *E.g.*, *Optis Wireless Tech., LLC v. Apple Inc.*, No. 19-cv-00066, D.I. 57 at 14-15 (E.D. Tex. Aug. 7, 2019).  This includes allowing arguments for patentability where counsel had no role in claim drafting.  *Id.*  Defendants objected to these provisions.  Defendants expressed no reasoning for rejecting this compromise.  Nor does any good reason exist. Once the claim amendment has been submitted, there is no risk of inadvertent use of confidential information to guide the *scope* of patent protection.

Defendants' Position

Plaintiff proposes injecting a convoluted provision at the end of the Prosecution Bar that purports to allow an attorney who did not participate in the initial drafting or amending of a patent claim to nonetheless argue for the patentability of such claims before the U.S. Patent Office. This provision would largely undo the protections of the Prosecution Bar, which is intended to prevent outside attorneys who receive designated materials about the accused products from then drafting or amending patent claims to cover those products. Under Plaintiff's proposal, an attorney who has seen such designated materials could still make arguments about the scope and meaning of new or amended claims to the U.S. Patent Office, while having in mind knowledge of confidential information regarding the accused products. Moreover, recent changes to Inter Partes Review practice allows for multiple attempts at amending claims before the Patent Trial and Appeal Board, making Plaintiff's position that such argument would only occur after replacement claims or claim amendments are submitted unworkable. *See* Notice

6

Regarding a New Pilot Program Concerning Motion to Amend Practice and Procedures in Trial

Proceedings under the America Invents Act before the Patent Trial and Appeal Board, 84 Fed.

Reg. 9,497 (Mar. 15, 2019) (providing a patent owner with the option to receive preliminary

guidance from the Board on its motion to amend).

By contrast, Defendants propose a simple clarification that the Prosecution Bar does not

preclude Defendants' counsel from challenging the validity of the asserted patents, such as in an

*inter partes* review proceeding.


Dated:  January 14, 2020                              Respectfully submitted,


*/s/ Robert G. Pluta*                                 */s/ Derek Dahlgren*
Jamie B. Beaber                                       Timothy Devlin (No. 4241)
Baldine B. Paul                                       Derek Dahlgren (*pro hac vice*)
Tiffany A. Miller                                     Nadiia S. Loizides (*pro hac vice*)
Saqib J. Siddiqui                                     **DEVLIN LAW FIRM LLC**
MAYER BROWN LLP                                       1526 Gilpin Avenue
1999 K Street, NW                                     Wilmington, DE 19806
Washington, DC 20006                                  Telephone: (302) 449-9010
Telephone: (202) 263-3000                             Facsimile: (302) 353-4251
Facsimile: (202) 263-3300                             tdevlin@devlinlawfirm.com
jbeaber@mayerbrown.com                                ddahlgen@devlinlawfirm.com
bpaul@mayerbrown.com                                  nloizides@devlinlawfirm.com
tmiller@mayerbrown.com
ssiddiqui@mayerbrown.com                              *Attorneys for Plaintiff*
                                                      *Jenam Tech, LLC*

Robert G. Pluta
Amanda Streff Bonner
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
rpluta@mayerbrown.com
asbonner@mayerbrown.com

Michael E. Jones

SBN: 10929400
mikejones@potterminton.com
Patrick C. Clutter
SBN : 24036374
patrickclutter@potterminton.com
POTTER MINTON
110 N. College, Suite 500
Tyler, Texas 75702

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14 2020, all counsel of record who have consented to

electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ *Derek Dahlgren*
Derek Dahlgren