**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| JENAM TECH, LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC.,[1]<br><br>       Defendants. | **C.A. No. 4:19-cv-00249-ALM-KPJ**<br><br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE** |
| JENAM TECH, LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>       Defendants. | **C.A. No. 4:19-cv-00250-ALM-KPJ**<br><br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE** |

**<u>JOINT RULE 26(f) REPORT</u>**

---

[1] On January 2, 2020, the Court granted Defendants' Unopposed Motion to Substitute Party and Amend Caption, requesting leave to substitute LG Electronics Mobilecomm U.S.A., Inc. for LG Electronics U.S.A., Inc. and amend the case caption accordingly.  (D.I. 58; *see also* D.I. 57 (the underlying motion).)

The parties have conferred as required by Fed. R. Civ. P. 26(f) and the Court's Order Governing Proceedings and accordingly file this joint report.

1. Scheduling Order

The parties have agreed on a proposed scheduling order (filed previously as D.I. 38-1 and 39-1 respectively), which provides for case deadlines up to and including the *Markman* hearing.  The parties will submit a proposed case schedule for case deadlines after the Markman hearing at a later date.

   a. The parties do not believe that any specific limits on discovery relating to claim construction are needed.

   b. The parties do not believe that a Claim Construction Pre-hearing Conference is necessary.

2. Mediation

The parties believe that mediation would be helpful in this case.  At this time the parties have not yet agreed on a mediator.  The parties are continuing to evaluate potential mediators and will notify the court at the scheduling conference if they have identified an agreed mediator or confirm that they were unable to reach agreement.

3. Limitations on Discovery

Except as provided below, the parties agree that the limitations provided in Section I of the Order Governing Proceedings in this case should apply.  In addition, the parties agree on the following proposed discovery limitations:

   a. Interrogatories:  Plaintiff may serve up to forty-five (45) interrogatories to each of

Samsung and LG.[2] LG and Samsung may each serve up to forty-five (45) interrogatories on Plaintiff. Twenty (20) of Defendants' Interrogatories may be served on Plaintiff as "common interrogatories," which will count towards each of Defendants forty-five (45) Interrogatory limit.

b. <u>Requests for Admission</u>: Plaintiff may serve up to forty-five (45) requests for admission as to each of Samsung and LG. Samsung and LG may each serve up to forty-five (45) requests for admission to Plaintiff. There is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents requests for admission directed to document authentication shall be clearly denoted as such, and shall be served separately from any requests for admission subject to the numerical limitations stated above.

c. <u>Logging of Privileged Documents</u>: The parties agree there is no obligation to log privileged or work product materials that were created after the date of the filing of the Complaint, except as provided under Local Patent Rule 3-7.

d. <u>Discovery of Expert Materials</u>:

　 i. The parties agree to the limitations of Federal Rule of Civil Procedure 26 with regard to the discovery of expert materials. To the extent not already covered by Federal Rule of Civil Procedure 26, the parties further agree to the following limitations regarding the discovery of expert materials.

　 ii. No conversations or communications between or including any party or its

---

[2] As used herein: (1) "Samsung" shall refer to Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.; (2) "LG" shall refer to Defendant LG Electronics, Inc. (LG Electronics MobileComm U.S.A., Inc. ("LGEMU") no longer exists as a separate entity) and LG Electronics USA, Inc., ("LGEUS") which merged with named Defendant, LGEMU; and (3) "Defendant(s)" shall refer to one or both of Samsung and LG.

    counsel and any testifying or non-testifying expert, or between or including any testifying expert and any non-testifying expert, including emails, written agreements, or correspondence, and notes or outlines pertaining thereto, whether drafted or occurring in connection with this case or any prior or pending investigation, litigation, or proceeding (including *inter partes* review or reexamination proceedings before the USPTO), will be subject to discovery or examination at any deposition, hearing, or trial unless the conversations or communications are relied upon by a testifying expert in formulating his or her final report or any opinion in this case.

iii. All materials generated by any testifying expert are exempt from discovery, whether generated in connection with this case or any prior or pending investigation, litigation, or proceeding (including *inter partes* review or reexamination proceedings before the USPTO), unless relied upon by a testifying expert in formulating his or her final report or any opinion in these cases. Testifying experts shall not be subject to discovery or examination at any deposition, hearing, or trial on any draft of their expert reports, declarations, and affidavits, nor notes or outlines pertaining thereto, whether drafted in connection with this case or any prior or pending investigation, litigation, or proceeding (including *inter partes* review or reexamination proceedings before the USPTO).

iv. Discovery of materials provided to testifying experts, whether provided in connection with this case or any prior or pending investigation, litigation, or proceeding (including *inter partes* review or reexamination proceedings before the USPTO), shall be limited to those materials, facts, non-testifying expert

        opinions, and other matters actually relied upon by a testifying expert in formulating his or her final report or any opinion in this case.

    v. Non-testifying experts shall not be subject to discovery, except to the extent a testifying expert is relying on the work or opinions of a non-testifying expert in formulating his or her final report or any opinion in this case. Where a testifying expert is relying on the work or opinions of a non-testifying expert, discovery can be taken from the non-testifying expert with the same limitations that apply to testifying experts, but discovery shall be limited to the information provided to the testifying expert that the testifying expert is relying on in formulating his or her final report or any opinion in this case and the basis for such information.

e. **Limitations on Expert Witness Depositions:** Each expert may be deposed for no more than seven (7) hours per report offered by the expert.[3]

f. **Limitations on Fact Depositions of Parties and Third Parties:**

    i. Plaintiff may take up to a total of 80 hours of total fact deposition testimony of any party witnesses or non-party witnesses, including depositions under Rule 30(b)(1) and Rule 30(b)(6). The parties agree that depositions requiring the services of a translator will only count for 2/3 of the actual time used in determining the number of hours of total deposition testimony. Plaintiff is entitled 7 hours of deposition time per defendant for depositions under Rule 30(b)(6). Defendants collectively may take up to a total of 80 hours of fact deposition testimony of any party or non-party witnesses, including depositions under Rule

---

[3] For example, if a single technical expert submits reports on both infringement and invalidity, he or she may be deposed for up to fourteen (14) hours in total.

      30(b)(1) and Rule 30(b)(6). The parties agree that depositions requiring the services of a translator will only count for 2/3 of the actual time used in determining the number of hours of total deposition testimony. The parties agree that Defendants can use no more than 14 of the 80 hour for depositions under Rule 30(b)(6) for Plaintiff.

  ii.  Absent a showing of good cause, each deposition will be limited to no more than seven (7) hours. Defendants Samsung and LG collectively are allowed up to ten (10) hours of deposition time for the named inventor of the patents in suit,

  iii.  Each deposition shall count as a minimum of three and a half (3.5) hours against the total deposition time limit.

4. <u>Identity of Persons Expected to be Deposed</u>

Plaintiff expects to depose 30(b)(6) witnesses that will be identified in the future. Plaintiff additionally anticipates deposing individuals associated with Defendants having relevant knowledge, to be identified by Defendants' initial disclosures. Plaintiff additionally anticipates deposing Defendants' expert witnesses. Plaintiff reserves the right to revise and identify further deponents as the case progresses.

Defendants expect to depose the Plaintiff, any entity or person affiliated with Plaintiff or who owns, controls, or manages the Plaintiff, named inventor of the asserted patents, prior assignees of the patents-in-suit, Plaintiff's experts, individuals knowledgeable about prior art identified during the case, and the prosecuting attorneys or other witnesses identified in Plaintiff's initial disclosures. Defendants reserve the right to revise and identify further deponents as the case progresses.

5. <u>Disclosure of Information</u>

The parties agree that they will produce the documents required by Section H of the Court's Order Governing Proceedings as set forth in the parties' proposed scheduling order attached hereto.

6. Preservation

    The parties do not believe that any specific Preservation Order is needed in this case.

7. Other Orders Under Fed. R. Civ. P. 26(c), 16(b), or 16(c)

    The parties also agree that, to protect the parties' highly confidential information, a supplemental order governing access and use of highly confidential information in these cases is necessary. The parties have negotiated a Protective Order and E-Discovery Order, but have a small number of disagreements and thus are filing herewith disputed versions of the proposed orders identifying and outlining the disputes.

8. Estimated Trial Time: 5 days.

9. Name of Attorneys Appearing at the CMC: Derek Dahlgren will attend the case management conference on behalf of Jenam. Jamie Beaber and Robert Pluta will attend for LG and Samsung.

10. Other Matters

    At this time, the parties believe that the following additional matters should be included in the joint conference report:

    a. The parties agree that all correspondence, written discovery requests, responses to written discovery requests, and all other documents not filed through the Court's CM/ECF filing system will be provided or served by electronic mail, and such service shall satisfy the requirements of Fed. R. Civ. P. 5(b)(2)(E). To the extent that electronic service is not available to a party, service is acceptable if made by hand-

      delivery, facsimile or overnight mail.

b. The parties have agreed that emails will not have to be searched or produced for the time being.

c. The parties will use best efforts to serve by email all documents filed under seal within two hours.

d. Production of Materials Obtained Via Third-Party Subpoena. A party who serves a subpoena in this matter on a third party shall use best efforts to immediately provide a copy to the other party. A party who receives documents from a third party pursuant to a subpoena will use best efforts to reproduce those documents to the other party within 3 business days. Where reproduction of documents within 3 business days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis.

e. On November 18, 2019, Defendants filed pending Motions to Transfer Venue to the Northern District of California Under 28 U.S.C. § 1404(a) (D.I. 41 at Case No. 4:19-cv-250-ALM; D.I. 40 in Case No. 4:19-cv-249-ALM).

Dated:  January 14, 2020                                Respectfully submitted,

| | |
|---|---|
| */s/ Robert G. Pluta* | */s/ Derek Dahlgren* |
| Jamie B. Beaber | Timothy Devlin (No. 4241) |
| Baldine B. Paul | Derek Dahlgren (*pro hac vice*) |
| Tiffany A. Miller | Nadiia S. Loizides (*pro hac vice*) |
| Saqib J. Siddiqui | **DEVLIN LAW FIRM LLC** |
| MAYER BROWN LLP | 1526 Gilpin Avenue |
| 1999 K Street, NW | Wilmington, DE 19806 |
| Washington, DC 20006 | Telephone: (302) 449-9010 |
| Telephone: (202) 263-3000 | Facsimile: (302) 353-4251 |
| Facsimile: (202) 263-3300 | tdevlin@devlinlawfirm.com |
| jbeaber@mayerbrown.com | ddahlgen@devlinlawfirm.com |
| bpaul@mayerbrown.com | nloizides@devlinlawfirm.com |
| tmiller@mayerbrown.com | |
| ssiddiqui@mayerbrown.com | *Attorneys for Plaintiff* |
| | *Jenam Tech, LLC* |

Robert G. Pluta
Amanda Streff Bonner
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
rpluta@mayerbrown.com
asbonner@mayerbrown.com

Michael E. Jones
SBN: 10929400
mikejones@potterminton.com
Patrick C. Clutter
SBN : 24036374
patrickclutter@potterminton.com
POTTER MINTON
110 N. College, Suite 500
Tyler, Texas 75702

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14 2020, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ *Derek Dahlgren*
Derek Dahlgren
